## OHIO SUPREME COURT—Continued

# Weekly Abstract Of Pending Cases

### No. 719
### SCHWARTZ et al v. SIEGENTHALER
No. 18606. Supreme Court

Pending in Supreme Court on motion to certify; docketed May 23, 1924. 2 Abs. 371; OA. op. 2 Abs. 360; mo. cer. dis. 2 Abs. 643.

677. JUDGMENTS—Setting aside without evidence—Abuse of discretion in setting aside.

Siegenthaler filed an action in Cuyahoga Common Pleas for foreclosure of a first mortgage on certain taxicabs and a second mortgage lien on other taxicabs. One Schwartz and the Yellow Cab Co. were the parties defendant. After a decree had been entered one Waite and Lester filed a motion to vacate the judgment. Attached to this motion was an affidavit in which they claim that they were interested parties in that the finding of the court in favor of Schwartz materially affected certain rights existing in their favor. (For statement of claimed facts in the case, see Appeals opinion, 2 Abs. 360.

In reviewing the judgment of the lower court, the Court of Appeals held that the act of the court in vacating the decree rendered without the hearing of evidence on the subject amounted to abuse of discretion, which would justify the reviewing court in setting aside the order to vacate rendered by the court below; and that the Common Pleas has full control of its own judgments, decrees and orders during the term at which they are made, and said court may vacate or modify the same subject to the limitation that it must be within the exercise of sound discretion, and not otherwise. A motion to certify was filed in the Supreme Court. The principal question for this court's determination is:

Did the Court of Common Pleas abuse its discretionary power in vacating an order entered during the same term of court, where there is an affidavit in support of said motion, the pleadings and the statement of counsel?

Attorneys—J. B. Oviatt, Cleveland, for Waite and Lester.

### No. 720
### KERNS v. GOODMAN
No. 18673. Supreme Court.

Pending before Supreme Court upon a motion to certify; docketed June 24, 1924. 2 Abs. 436.

480. EVIDENCE—Contents of a lost or destroyed book account.

Claude Goodman, as administrator of the estate of James Goodman, brought an action in the Ross Common Pleas to recover of Kerns on a note for $600, and interest. Kerns pleaded payment of the note and set up a counterclaim for $1,586.27 as an amount due on an account.

Goodman filed a denial to the counterclaim. During the trial, the court permitted Kerns to testify as to the contents of a lost -or destroyed book account, over the objection of the plaintiff. The jury returned a verdict for defendant in the sum of $1,786.27. Error was prosecuted to the Court of Appeals. In reversing the judgment of the lower court, the Court of Appeals held that the lower court committed prejudicial error in permitting the defendant to testify, over the objection of plaintiff as to the amount of the debits and credits in a lost and destroyed book account. The principal questions raised for the determination of the court are:

1. Did the Court of Appeals commit error in holding that the lower court was in error in permitting the defendant to testify as to the contents of a lost and destroyed book account, over the objection of plaintiff?

2. Even though error was committed by the trial court in the admission of such evidence, can it be said that the admission amounted to such prejudicial error as would justify a reversal under 11364 GC.?

Attorneys—F. N. Redfern and Luther B. Yaple, for Kerns; both of Chillicothe.

### No. 721
### WILBERFORCE UNIVERSITY (Trustee) v. GREEN et al

Supreme Court. No. 18786

MOTION TO CERTIFY

Pending on motion for certification of Record by Greene Appeals, docketed Sept. 29, 1924. 2 Abs. 610.

1065. SCHOOLS—Can an action for personal injury be maintained against Wilberforce University, supported by state funds?

The grounds of the motion to certify are as follows:

1. Because the judgment is one for personal injury alleged to have been due to the negligence of the operation of one of the state educational institutions created by Section 7975 et seq.

2. The cause is an action against the Board of Trustees of the Combined Normal and Industrial Department at Wilberforce University, five members of which board are appointed by the Governor, by and with the consent of the Senate, and such institutions is supported by funds belonging to the State of Ohio, appropriated out of the treasuary of said state by statute, said board being appointed to have direction, supervision and conduct of such institution.

3. The decision in this cause is to the effect that the operation of said Combined Normal and Industrial Department belonging to the state is jointly controlled by the state and Wilberforce University.

4. There is error. prejudicial to the plaintiff in error because such action cannot be maintained against this plaintiff in error,

5. The court erred in refusal to quash the service of summons against this plaintiff in error.

6. The court has no jurisdiction.

Attorneys—C. H. Kyle, Xenia, and Charles L. Darlington, Xenia, for University; C. C. Crabbe and A. H. Wicks, Columbus, for Greene et al.